YUCLAN ENTERPRISES, INC., a Hawaii corporation, and Yuclan International, Inc., a Hawaii corporation, Plaintiffs,

v.

Togo NAKAGAWA, individually and in his capacity as Prosecuting Attorney, and Francis Keala, individually and in his capacity as Chief of Police, City and County of Honolulu, Defendants,

and

Waikiki Liquors Incorporated, a Hawaii corporation, Penthouse Forty-One Incorporated, a Hawaii corporation, Alvin G. Nunes dba Playboy Theater and AAA Trading Center Theatre, and Quindo Pinzari dba Lido Theatre, Interveners.

Civ. Nos. 78–0268, 80–0127.

United States District Court,
D. Hawaii.

May 4, 1984.

Evan R. Shirley, Wesley H. Ikeda, Honolulu, Hawaii and Guillermo M. Canlas, Honolulu, Hawaii, for plaintiffs.

Barry Chung, Randolph R. Slaton, Arthur Ripley, Jr., Corp. Counsel, City and County of Honolulu, Honolulu, Hawaii, for defendants.

## OPINION

PENCE, Senior District Judge.

Plaintiffs, Yuclan Enterprises, et al. ("Yuclan") are owners and employees of several adult movie theatres in Honolulu. Defendants are the Chief of Police and the Prosecuting Attorney of the City and County of Honolulu.

On April 21, 1980, this court granted an Amended Permanent Injunction ("Injunction") in favor of the plaintiffs and against the defendants. The Injunction enjoined the seizure of allegedly obscene motion pictures by the defendants from the plaintiffs' premises unless the following conditions were met:

1.  Seizure must be preceded by an adversary hearing to determine whether the films are unlawfully obscene, and written notice of the hearing must be given to interested parties at least 48 hours prior to the hearing;

2.  A post-seizure hearing must be held within 120 hours after the seizure and finished within 240 hours after the seizure. Again, 48 hours' notice must be given to the interested parties;

3.  Seizure of any film must be contemporaneous with or subsequent to a filing in court of an arrest warrant, indictment, complaint or oral charge accusing the defendant of a crime, in order that the defendant may prepare for the post-seizure hearing;

4.  Seizure of more than one copy of a film is prohibited unless the film is judicially determined to be unlawfully obscene;

5.  If the film is declared to be obscene at the adversary hearing, the police may keep the film for evidence.

A Consent Decree ("Decree") later entered into by the parties incorporated the Injunction into its terms. The Decree was approved by this Court on May 1, 1980.

Defendants now move for a dissolution of the Injunction and Decree in light of the Hawaii Supreme Court's opinion in *State v. Bumanglag,* 63 Haw. 596, 634 P.2d 80 (1981), which set up constitutional procedures for the seizure of allegedly obscene films in Hawaii.

In that opinion, the court recognized that the situation in Hawaii called for an "authoritative judicial construction of the obscenity statute to supply procedural safeguards ...." *Id.* at 609, 634 P.2d 80. To

that end, the Hawaii Supreme Court instituted the following procedures governing the seizure of allegedly obscene materials:

1. A warrant to seize allegedly obscene materials must be issued contemporaneously with or subsequent to the filing of an arrest warrant or charge in a case;

2. A warrant for seizure may not be based solely on the conclusory opinion of a police officer;

3. A warrant for seizure may be granted after an adversary hearing on the obscenity issue or *ex parte;*

4. If the warrant is granted *ex parte,* it must contain a notice to the following effect:

   a. An interested party may move to have the issue of obscenity determined promptly in an adversary hearing, with written notice to all interested parties of at least 48 hours; and

   b. An interested party must move for an adversary hearing within 10 days of seizure or within 5 days of arraignment or the party waives his right to such hearing.

5. If a party moves for a hearing, the hearing must be held within 7 days of the filing of the motion and a decision must be made within 10 days thereafter (unless justice demands otherwise);

6. If a determination of obscenity is made, the State can keep the films for evidence;

7. The accused may copy the seized film prior to a hearing on the obscenity issue if it was the only copy of the film in his possession.

Plaintiffs argue that the *Bumanglag* procedures are constitutionally inadequate to protect persons such as plaintiffs from illegal seizure of property. Plaintiffs oppose any dissolution of the Injunction or Decree until the procedures in Hawaii conform to the Injunction's terms.

The Hawaiian procedures do not differ significantly from those imposed by this court's Injunction. The only departures from the Injunction procedures are:

1. A party must move for an adversary hearing on the alleged obscenity of the seized materials rather than automatically receiving such a hearing; and

2. The deadlines for such an adversary hearing are slightly longer.

As to the first, in *Heller v. New York,* the Court held that

[I]f such a seizure is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate, and, following the seizure, a prompt judicial determination of the obscenity issue in an adversary proceeding is available at the *request of any interested party,* the seizure is constitutionally permissible. 413 U.S. 483, 492, 93 S.Ct. 2789, 2795, 37 L.Ed.2d 745 (1973) (emphasis added).

Hence, the fact that an adversary hearing is not automatically granted under the Hawaii procedures does not make such procedures constitutionally defective.

As to the second departure from the Injunction procedure, there is little merit in the plaintiffs' contention that the time limit is too long as compared with the shorter Injunction time limits. The Injunction mandates that a hearing be held and concluded within 5 to 10 days after the seizure. The *Bumanglag* decision mandates a hearing within 7 days after a motion for a hearing and a decision within 10 days thereafter. As the Court in *Heller* noted, "prompt judicial determination" means the "shortest period 'compatible with sound judicial resolution'." *Heller* at 492, n. 9, 93 S.Ct. at 2795, n. 9. The *Bumanglag* time period is not unduly lengthy, especially when combined with the prescription of allowing a defendant the right to copy a seized film for exhibition purposes while awaiting the obscenity hearing.

*Dissolution of the Injunction and Decree*

■ F.R.Civ.P. 60(b) provides that a court "may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (5) ... it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." A change in decisional law, made by the court of last resort of a state, is a suffi-

cient basis for a court to modify or dissolve a previous order.

The existence of a consent decree does not negate the court's power over an injunction. *System Federation v. Wright,* 364 U.S. 642, 646–47, 81 S.Ct. 368, 370–371, 5 L.Ed.2d 349 (1961). It is equitable for the court to modify an injunction and decree in light of any materially changed circumstances, either by law or fact. *Id.* at 650–51, 81 S.Ct. at 372–373.

In light of the Hawaii Supreme Court's opinion in *Bumanglag,* it is only equitable and proper that this court's Injunction and Decree be dissolved. This court granted the Injunction and approved the Consent Decree because, at that time, Hawaii did not "provide for a prior judicial determination or a prompt judicial determination of obscenity after seizure of any motion picture film ... thereby making the seizures constitutionally impermissible." (Amended Permanent Injunction, p. 2). Hawaii now has procedures that satisfy any constitutional mandates.

The State now grants, in substance, the same relief as the Injunction. Under our system of federalism, federal courts should not interfere with state enforcement of laws when the state laws are sufficient to protect the constitutional rights of its citizens. There is no longer any reason for further supervision over the activities of the State police or prosecuting attorney.

The Motions to Dissolve the Injunction and Decree are hereby GRANTED.